NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**CALVIN JOPPY, AKA KEVIN JOPPY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2016-1329

———————————

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00536-EDK, Judge Elaine Kaplan.

———————————

Decided: May 10, 2016

———————————

CALVIN JOPPY, Milton, FL, pro se.

MELISSA M. DEVINE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DOUGLAS K. MICKLE.

———————————

Before PROST, *Chief Judge,* LINN, and TARANTO, *Circuit Judges.*

PER CURIAM.

Calvin Joppy alleges that the Navy unlawfully separated him from his military service in 1981. After the Board for Correction of Naval Records twice denied his challenge to his 1981 discharge, Mr. Joppy filed suit in the Court of Federal Claims. That court dismissed his claim as barred by the statute of limitations. We affirm.

BACKGROUND

In 1980, the Navy imposed non-judicial punishments on Mr. Joppy for several assaults (and disobedience of a lawful order). In 1981, a Navy psychiatrist diagnosed him as having an explosive personality disorder. As a result, the Navy dropped pending court-martial charges and, finding him unsuitable for further military service, terminated his service on March 13, 1981.

More than twenty-one years later, Mr. Joppy filed a claim with the Board for Correction of Naval Records, challenging his 1981 discharge as resting on a misdiagnosis. Specifically, he argued that what the military had called a personality disorder was in fact post-traumatic stress disorder, brought on by his witnessing of the murder of a shipmate. He asked that his administrative separation be changed to a medical discharge, which, he contended, would entitle him to disability pay and retirement benefits. The Board denied Mr. Joppy's request in 2003. The Board likewise denied a second application, filed in 2014, in which Mr. Joppy argued that the Navy had implemented a policy by which it produced false evaluations in order to discharge servicemen like him who suffered from psychological disorders.

Joppy then filed a complaint in the Court of Federal Claims on May 27, 2015, invoking that court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a). Alleging that he was improperly discharged, he sought backpay as well as disability retirement benefits. The Court of Federal

Claims dismissed the complaint for lack of jurisdiction on the ground that it was out of time under the applicable six-year statute of limitations, 28 U.S.C. § 2501. The court later denied reconsideration.

Mr. Joppy appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3). We review the jurisdictional dismissal de novo. *Bank of Guam v. United States*, 578 F.3d 1318, 1325 (Fed. Cir. 2009).

DISCUSSION

The Court of Federal Claims' jurisdiction here rests on the Tucker Act, and the Supreme Court has confirmed that, for a suit to come within the jurisdiction granted by that Act, the suit must be filed within the six years permitted by the statute of limitations, 28 U.S.C. § 2501. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–34, 138–39 (2008). Here, the Court of Federal Claims correctly concluded that both Mr. Joppy's claim for backpay (based on error in the 1981 discharge) and his claim for record correction and benefits (based on error in the reason for the 1981 discharge) were filed out of time. Both claims accrued more than six years before the 2015 suit.

We have held that a claim for backpay for unlawful discharge, made under 37 U.S.C. § 204, accrues at the time of the service-member's discharge. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003). We have also clarified that the claim accrues all at once; there is no accrual of a new claim each pay period after the (allegedly wrongful) discharge. *Id.* at 1303–04. Here, Mr. Joppy's claim accrued when he was discharged in 1981. His complaint challenging the discharge, filed in 2015, was therefore untimely.

Mr. Joppy's claim for disability retirement benefits is also untimely, but for a different reason. We have held that such a claim, made under 10 U.S.C. § 1201, accrues

when the appropriate military board first denies a claim for disability benefits. *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005) ("we cannot acquire jurisdiction of such a claim until after the Board and the Secretary have acted" (internal quotation marks omitted)). The accrual of the claim for such benefits occurs upon "[t]he decision by the *first* statutorily authorized board that hears or refuses to hear the claim." *Id.* (emphasis added). Once that occurs, the jurisdictional barrier to suing on the claim dissolves, and nothing prevents the filing of such a suit; accordingly, accrual does not change upon the filing of a later second request for such benefits. Here, the Board for Correction of Naval Records first denied Mr. Joppy's request in 2003. His 2015 suit in the Court of Federal Claims was therefore out of time under the six-year statute of limitations.

Our analysis is not changed by Mr. Joppy's invocation of the concept of constructive service for his claim for backpay based on an allegedly wrongful discharge. That concept is used in timely brought suits to describe why plaintiffs who prove improper termination may, in specified circumstances, recover backpay and benefits during the time they would have been employed had the improper termination not occurred: they are treated as employed during a period they actually were not. *See Barnick v. United States*, 591 F.3d 1372, 1379 (Fed. Cir. 2010); *Christian v. United States*, 337 F.3d 1338, 1347 (Fed. Cir. 2003); *Wright v. United States*, 81 Fed. Cl. 369, 375 (2008). The Court of Federal Claims correctly held that the concept does not alter the rules for the timeliness of the suit starting from an allegedly wrongful discharge.

The Court of Federal Claims was also correct in rejecting Mr. Joppy's invocation of equitable tolling of the starting of the six-year period allowed for the filing of the suit. At a minimum, the jurisdictional character of this statute of limitations makes equitable tolling unavailable. *See FloorPro, Inc. v. United States*, 680 F.3d 1377, 1382

(Fed. Cir. 2012) ("Because section 2501's time limit is jurisdictional, the six-year limitations period cannot be extended even in cases where such an extension might be justified on equitable grounds.").

Finally, the Court of Federal Claims correctly rejected Mr. Joppy's argument that the accrual of his claim should be suspended because the government acted in a fraudulent manner by misdiagnosing him with a personality disorder rather than with post-traumatic stress disorder as a way to terminate him from the military. For a suspension of the type asserted to be warranted, a plaintiff "must either show that defendant has concealed its acts with the result that plaintiff was unaware of their existence or it must show that its injury was 'inherently unknowable' at the accrual date." *Martinez*, 333 F.3d at 1319 (quoting *Welcker v. United States*, 752 F.2d 1577, 1580 (Fed Cir. 1985)). Here, Mr. Joppy was fully aware that he was being separated from the service because of an alleged personality disorder: he was informed of the discharge in writing at least twice. Neither the act (discharge) nor the injury (loss of pay and potential benefits) was concealed from nor unknown to Mr. Joppy (let alone inherently unknowable). He also knew the stated basis of the discharge (the personality-disorder diagnosis), and he could have challenged its soundness: indeed, he consulted a lawyer at the time, and he says in his petition to us that, at the time, he disagreed with the decision to discharge him, believing it was racially motivated, Pet. Br. 12–13. These facts do not fit within the "'strictly and narrowly applied'" doctrine of "'accrual suspension.'" *Martinez*, 333 F.3d at 1319.

CONCLUSION

The judgment of the Court of Federal Claims, dismissing the complaint as time-barred, is affirmed.

**AFFIRMED**